The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman and the briefs and oral arguments before the Full Commission and found that the appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission affirmed in part and reversed in part the Deputy Commissioners Opinion and Award with an Interlocutory Opinion and Award filed May 24, 1999. The Full Commission reversed the Deputy Commissioners denial of plaintiffs motion for a further extension of time to take medical depositions and reopened the record in this case.
Having now received the July 22, 1999 deposition of Dr. Lotwin and the stipulated medical records and Form 25R of Dr. Brenner, the Full Commission enters the following Opinion and Award.
 ***********
Based upon all of the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 58 years old at the time of the hearing before the deputy commissioner and has an 11th grade education. Most of plaintiffs working life has been spent as a carpenter or a carpenters helper.
2. Around the first of August 1996, plaintiff responded to an advertisement in the local newspaper and spoke with defendant regarding employment. Defendant operated a construction company which built houses and commercial buildings. Plaintiff was hired as a carpenters helper with a pay rate of seven dollars per hour. Plaintiff was directed to work under the supervision of Donnie Johnson, defendants foreman.
3. The first job plaintiff worked on was a large house. There were at least five people working on that job. Plaintiff worked on the roof and helped measure and cut lumber. After that job was completed, plaintiff worked at a restaurant where he and his supervisor installed a tin ceiling. Plaintiff then worked on a log office building where a third person joined them. Plaintiff placed some wire between the logs and did some woodwork at the site. They would go back and forth between the three jobs during this time, and he was aware that at least one other crew was working at the job sites under Mr. Johnsons direction.
4. On September 5, 1996, defendant had plaintiff sign a document entitled "Independent Contracting Agreement in which the parties purportedly agreed that they were entering into an agreement for independent contracting services. Defendant then raised plaintiffs pay to eight dollars per hour.
5. On October 28, 1996, plaintiff was working at the log office building in Southern Pines with his foreman and another helper. Plaintiff was standing on a ladder working on the trim at the eave of the building when the ladder tilted to the side causing him to fall. Plaintiffs left foot and ankle struck a pipe in the fall and were injured. Consequently, Mr. Johnson took plaintiff to the hospital for treatment.
6. At the time of his injury, plaintiff was working by the hour. Plaintiff did not have an independent business and was not doing a specified job for a fixed sum. Although plaintiff supplied his own hand tools such as hammer, tape measure, square and nail apron as is customary in the business, defendant provided the saws, drills, metal cutters and other tools used on the job sites along with all of the materials that might be needed. Plaintiff worked under the supervision of the foreman who gave him directions regarding what tasks he was to perform and what hours he was to work.
7. Defendant admitted that the foreman, Donnie Johnson, was an employee of her company. Defendant also admitted that she hired a lot of part-time help and that other people working on her job sites were "subcontractors working under a similar arrangement as the one she had with plaintiff, although she denied that she had any other employees besides her foreman, Mr. Johnson. The Full Commission finds as fact that plaintiff was an employee and not an independent contractor and since there was evidence that others were regularly working for defendant in a similar capacity, the Full Commission finds as fact that the defendant regularly employed at least three people on a weekly basis during the three months that plaintiff worked for her and is subject to the Act. Plaintiff has previously been determined to have been an employee of defendant, and defendant has been found to have been subject to the Workers Compensation Act pursuant to the Interlocutory Opinion and Award of the deputy commissioner filed in this case on December 29, 1997.
8. On October 28, 1996, plaintiff sustained an injury by accident arising out of his employment with defendant. The fall from the ladder constituted an unusual occurrence which interrupted plaintiffs regular work routine.
9. The evidence submitted at the hearing indicated that plaintiff earned $7.00 an hour for approximately forty hours per week for the five-week period from August 1 until September 4, 1996. He then earned $8.00 an hour for approximately forty hours per week until October 28, 1996. Consequently, his average weekly wage on October 28, 1996 was $296.36, yielding a compensation rate of $197.58.
10. Plaintiffs foot and ankle, which were injured in the fall, were too swollen immediately after the injury for Dr. Brenner to perform surgery. Plaintiff underwent surgery approximately three weeks after the injury and Dr. Brenner kept his foot in a cast for approximately nine weeks after the surgery. Consequently, there is a reasonable inference that plaintiff was not able to perform his regular job duties for at least twelve weeks following his injury at work. His job involved manual labor and climbing of ladders, so he could not have worked with a cast on his foot.
11. During the nine weeks plaintiff was wearing the cast, he was provided a part-time job with Ms. Newells mother who operated an antique business. He worked there for three weeks polishing silver, a task he could perform while seated. During this time, he was paid $153.00 per week, which was less than his average weekly wage while working for defendant. No further work was offered after the three week period and he remained unable to work in his regular job at least until his cast was removed.
12. Plaintiff should not be punished for the failure of his counsel to take medical depositions during the time allowed by the Deputy Commissioner. Plaintiffs counsel filed a motion to have that time extended but such motion was denied by the deputy commissioner. Plaintiffs counsel believed that the medical evidence would be stipulated but learned that defendants counsel would not agree to such a stipulation. While it is the better practice for counsel to give notice of medical depositions prior to receipt of knowledge that opposing counsel will not stipulate necessary medical records, failure to do so in this case was excusable neglect which should not be held against the plaintiff.
13. In the interest of justice, the record was reopened for further evidence from the appropriate medical providers bearing on plaintiffs medical treatment and disabilities.
14. Upon receiving the stipulated entry of Dr. Brenners records and the Form 25R, the Full Commission finds as fact that plaintiff has a 20% permanent impairment rating to the foot.
15. The Full Commission also received the deposition of Dr. Richard Lotwin, who stated he was not familiar with disability ratings and said that he would defer to Dr. Brenner with respect to the establishment of any disability rating. Dr. Lotwin stated that the plaintiff had reached maximum medical improvement as of September 19, 1997, which was the last time Dr. Lotwin saw the plaintiff. Dr. Lotwin said the only thing he could help him with would be the pain.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to compensation at the rate of $197.58 per week for nine weeks for the temporary total disability he sustained as a result of this injury by accident. N.C. Gen. Stat. 97-29.
2. Plaintiff is entitled to compensation at the rate of $95.58 per week for three weeks for the temporary partial disability he sustained as a result of this injury by accident. N.C. Gen. Stat. 97-30.
3. Plaintiff is entitled to have defendant provide all medical compensation arising from this injury by accident. N.C. Gen. Stat. 97-2(19); N.C. Gen. Stat. 97-25.
4. Plaintiff is entitled to $5,690.30 ($197.58 per week for 28.8 weeks) as compensation for the 20% permanent impairment rating to the foot. N.C. Gen. Stat. 97-31(14).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay compensation to plaintiff at the rate of $197.58 per week for nine weeks for his temporary total disability. This compensation has accrued and shall be paid in a lump sum subject to the attorneys fee hereinafter approved.
2. Defendant shall pay compensation to plaintiff at the rate of $95.58 per week for three weeks for his temporary partial disability. This compensation has also accrued and shall be paid in a lump sum subject to the attorneys fee hereinafter approved.
3. Defendant shall pay plaintiff $5,690.30 as compensation for the 20% permanent impairment to plaintiffs foot. This compensation has accrued and shall be paid in a lump sum subject to the attorneys fee hereinafter approved.
4. Defendant shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
5. An attorneys fee in the amount of twenty-five percent of the compensation awarded is hereby approved for plaintiffs counsel, which fee shall be deducted from the aforesaid award and paid directly to Mr. Staton.
6. Defendants shall pay the costs.
This 20th day of June 2000.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER (Retired prior to the filing of this Opinion and Award)
S/_________________ J. HOWARD BUNN, JR. CHAIRMAN